■ WEG & MYERS, P. C., Appellant, v WILLIAM TURSI et al., Respondents.—Order, Supreme Court, New York County (Carol H. Arber, J.), entered November 27, 1990, which granted plaintiff's motion for summary judgment to the limited extent of $7,500, and from an order of the same court and Justice, entered April 9, 1991, which, upon granting defendant Gateway State Bank's motion for reargument of a prior order of the court finding said defendant liable to plaintiff, dated September 24, 1990, likewise limited the judgment, unanimously modified, on the law, to direct the entry of judgment in favor of plaintiff and against defendants in the sum of $20,625, with interest and costs, and as so modified, affirmed. The Clerk is directed to enter judgment in favor of plaintiff and against defendants in the sum of $20,625, with interest and costs.

Plaintiff law firm and defendant Dr. Tursi executed a written retainer in connection with the latter's claim under a fire insurance policy. With respect to the contingency compensation payable to plaintiff upon a successful outcome, the parties agreed: "In consideration of the services rendered * * * the

undersigned hereby agrees to pay and assign and authorizes [plaintiff] to retain out of any monies recovered herein, whether by suit, settlement or otherwise, a sum equal to 33⅓% thereof, if discovery is completed and the case marked ready for trial, if settled prior thereto 27½%. However if settled without litigation the fee will be 10%."

It is undisputed that after a fire loss Dr. Tursi made a claim through a public adjuster under the policy which was rejected by the carrier on several grounds. Thereupon plaintiff law firm, following its retainer, served a summons and complaint. After negotiations, the carrier offered and Dr. Tursi accepted $75,000 in full settlement, which he then deposited to his own account without authorization. This action, upon both the agreement and a theory of conversion, followed.

Contrary to defendants, we do not find the terms of the retainer ambiguous. Dr. Tursi's avowal that "I understood the phrase 'settled without litigation' to mean an actual trial or at least significant Court appearances" does not raise a triable issue in light of the precisely defined, three-tiered structure of the compensation terms. Clearly, "litigation" (triggering the second tier compensation of 27½%) was commenced when the summons and complaint were duly served. Concur—Ellerin, J. P., Wallach, Ross, Asch and Smith, JJ.